**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NTSEH MONIKANG,<br><br>Plaintiff,<br><br>v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Defendant. | ) | Civil Action No. 25-03351 (TSC) |

**MEMORANDUM OPINION**

This matter is before the court on the Motion to Dismiss ("MTD"), ECF No. 7, filed by Defendant the Equal Employment Opportunity Commission ("EEOC"). For the reasons stated below, the court will GRANT the EEOC's Motion to Dismiss.

**BACKGROUND**

Plaintiff Ntseh Monikang previously filed a charge with EEOC, designated as EEOC Charge No. 570-2022-01170 ("EEOC Charge"). *See* Complaint ("Compl."), ECF No. 1, ¶ 5. The EEOC issued Monikang a right-to-sue letter on December 1, 2023, closing the Charge. *See id*. ¶ 9.

On October 28, 2024, Monikang electronically submitted a FOIA request to the EEOC seeking "all interviews, documents, communication, files or otherwise that was collected and pertaining to [EEOC] [C]harge [No.] 570-2022-01170." *See id.* ¶ 7; Compl. Exhibit A (Pl.'s FOIA Request), ECF No. 1-1; Compl. Exhibit B (EEOC Electronic Confirmation Notice, Oct. 28, 2024), ECF No. 1-2.

The next day, the EEOC emailed Monikang an acknowledgment letter. *See* Compl. ¶ 8; Compl. Exhibit C (EEOC Acknowledgement Letter, Oct. 29, 2024) ("Ackn. Ltr."), ECF No. 1-1. In the letter, the EEOC informed Monikang that his FOIA Request was "unperfected" and would "not be processed until it [was] perfected," in accordance with 29 C.F.R. § 1610.5(b)(3). *See id.* Section 1610.5(b)(3), quoted directly in the acknowledgement letter, provides in relevant part that the "charging party must provide a copy of the 'Filed' stamped court complaint when requesting a copy of the charge file if the Notice of Right to Sue has expired as of the date of the charging party's request." 29 C.F.R. § 1610.5(b)(3). Monikang was therefore warned that if he did not submit, within 10 business days of his receipt of the acknowledgment letter, a copy of a filed court complaint, his FOIA Request would be administratively closed. *See* Ackn. Ltr. If, however, the EEOC timely received a filed copy of the complaint, his FOIA Request would be perfected, and the EEOC would begin processing it. *See id.*

On November 21, 2024, the EEOC emailed Monikang a letter denying his FOIA Request. *See* Compl. ¶ 9; Compl. Exhibit D (EEOC Denial Letter, Nov. 21, 2024), ECF No. 1-4. The letter advised that the FOIA Request was denied because "Charging Parties have 90 days to request their file, after the 90 days, then a court complaint is needed to obtain documents." *See id*. Monikang was further advised to file a complaint in court, and then resubmit his FOIA Request with a copy of the filed complaint. *See id*.

On November 22, 2024, Monikang filed an administrative appeal. *See* Compl. ¶ 10; Compl. Exhibit E (Appeal Letter, Nov. 22, 2024) ("App. Ltr. I"), ECF No. 1-5. He argued, *inter alia*, that the Section 1610.5(b)(3) requirement to submit "a court complaint before obtaining documents" was "not consistent with standard FOIA procedures," because FOIA permits

requests "without the necessity of initiating litigation" and that such a requirement is "not supported by FOIA law." *See* App. Ltr. at 2.

On December 17, 2024, the EEOC emailed Monikang a letter administratively closing the appeal because he did not include a copy of the initial determination as required by 29 C.F.R. § 1610.11(a). *See* Compl. ¶ 14; Compl. Exhibit F (Appeal Determination Letter, Dec. 17, 2024), ECF No. 1-6. On December 3, 2024, Monikang resubmitted the appeal, this time including a copy of the initial determination, *see* Compl. ¶ 12; Compl. Exhibit G (Appeal Letter, Dec. 17, 2024), ECF No. 1-7, and on December 15, 2024, the EEOC acknowledged receipt of that appeal, *see* Compl. ¶ 13; Compl. Exhibit G (Appeal Acknowledgment Letter, Dec. 15, 2024), ECF No. 1-8. On December 17, 2024, the EEOC affirmed the initial determination and denied the appeal. *See* Compl. ¶ 14; Compl. Exhibit I (Appeal Denial Letter, Dec. 17, 2024). ECF No. 1-9. It once again found that Monikang's FOIA Request did not comply with Section 1610.5(b)(3) because it did not include a filed copy of a court complaint, which was required because his FOIA Request was submitted on October 28, 2024, several months after his notice of right to sue expired on March 1, 2024. *See id*.

Monikang, proceeding *pro se* and *in forma pauperis*, then filed this lawsuit on September 19, 2025. He alleges that the EEOC has "wrongfully withheld" the records he seeks under the FOIA, *see* Compl. ¶¶ 1, 15–16, 20, and he demands that the EEOC release the requested records, *see id.* ¶ 20. He also argues that the "EEOC's requirement of a filed court complaint under 29 C.F.R. § 1610.5(b)(3) for requests after 90 days from the Notice of Right to Sue is not a valid FOIA exemption and imposes an unlawful precondition, contrary to FOIA's presumption of disclosure without litigation prerequisites." *Id.* ¶ 19. He asserts that this "misapplication" of

Section 1610.5(b)(3) "frustrates FOIA's purpose of promoting transparency, especially for a charging party's access to their closed file." *See id*.

On February 16, 2026, the EEOC moved to dismiss, arguing that Monikang "failed to exhaust his administrative remedies because he never submitted a proper FOIA request in compliance with the EEOC's published regulations." MTD at 3. On February 17, 2026, the court entered a *Fox* Order, ECF No. 8, advising Monikang of his obligation to respond the Motion to Dismiss, and warning him of the consequences of failing to respond. On February 23, 2026, Monikang filed his Opposition ("Opp'n"), ECF No. 10, and on March 6, 2026, the EEOC filed its Reply, ECF No. 12.

Finally, on March 8, 2026, Monikang filed a Motion for Leave to File a Surreply, ECF No. 13, attaching the proposed Surreply, ECF No. 13-1. Neither the D.C. Local Rules nor the Federal Rules of Civil Procedure provide the right to file a surreply; indeed, surreplies "are rarely permitted, and only when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading[,]" *Stevens v. Sodexo, Inc*., 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (quoting *Ben–Kotel v. Howard Univ*., 319 F.3d 532, 536 (D.C. Cir. 2003)) (internal quotation marks omitted), because the moving party is generally entitled to the last word in briefing a dispositive motion, *see U.S. ex rel. Staggers v. Medtronic, Inc*., No. 15-392, 2024 WL 4492022, at *9 (D.D.C. Oct. 15, 2024). Monikang's Surreply largely retreads the same ground; however, given his *pro se* status, the court grants the Motion for Leave to File the proposed Surreply, which the court considered in ruling on the motion to dismiss.

## LEGAL STANDARDS

### FOIA Exhaustion

The FOIA "requires agencies to make records available in response to any request 'made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'" *Church of Scientology of California v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (quoting 5 U.S.C. § 552(a)(3)(A)); *accord Moayedi v. Customs and Border Protection*, 510 F. Supp. 2d 73, 81 (D.D.C. 2007) ("the FOIA requires that a request be made in accordance with the agency's published FOIA rules") (cleaned up). When a FOIA request does not comply with an agency's published regulations, it has failed to exhaust an agency's administrative remedies. *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010), *aff'd*, No. 10–5125, 2010 WL 4340370 (D.C. Cir. Oct. 19, 2010); *see Burke v. Dep't of Justice*, 298 F. Supp. 3d 119, 122 (D.D.C. 2018) (holding that a "FOIA plaintiff's failure to file a perfected request [ ] constitutes [a] failure to exhaust administrative remedies."); *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (a requester's "failure to comply with [such] FOIA regulations is the equivalent of a failure to exhaust[.]") (citations omitted), *aff'd*, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per curiam); *Matsey v. Dep't of Justice*, No. 03–889, 2005 WL 1017867, at *7 (D.D.C. May 2, 2005) ("By failing to follow the procedures set forth [in the pertinent regulations for requesting agency records, the plaintiff] failed to exhaust his administrative remedies under the FOIA.").

Consequently, a plaintiff seeking judicial review of a FOIA denial must generally exhaust an agency's administrative remedies before filing suit. *Wilbur v. Centtral Intel. Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam); *see Dettmann v. Dep't of Justice*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases. As this court has recently had occasion to state in the clearest of language, '[e]xhaustion of such [administrative] remedies is required under the Freedom of Information

Act before a party can seek judicial review.'") (quoting *Stebbins v. Nationwide Mut. Insur. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1984)). A "failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." *Wilbur*, 355 F.3d at 677 (internal quotation marks omitted) (quoting *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003)).

While FOIA cases are typically decided on motions for summary judgment*, see Leopold v. Dep't of Defense*, 752 F. Supp. 3d 66, 74 (D.D.C. 2024), a motion to dismiss is generally the appropriate vehicle for determining whether a plaintiff has filed a procedurally sound FOIA request and exhausted his administrative remedies, *see Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 922 F.3d 480, 487–88 (D.C. Cir. 2019); *Hidalgo*, 344 F.3d at 1260, and such a motion is generally brought under Federal Rule 12(b)(6) because the FOIA's exhaustion requirements are jurisprudential, not jurisdictional, *Wilbur,* 355 F.3d at 677.

**Federal Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive such a motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) (per curiam); *Ward v. D.C. Dep't of Youth Rehab. Servs*., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (finding that a court may consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss" without converting to summary judgment) (internal quotation marks omitted).

**DISCUSSION**

The EEOC has promulgated regulations documenting the procedures required to make a proper FOIA request. *See* 5 U.S.C. § 552(a)(3)(A); 29 C.F.R. § 1610.5 ("Request for records"). Section 1610.5 delineates, for example, where a request should be submitted, how the request should describe the records sought, and the kinds of information that must accompany a request. *See generally* 29 C.F.R. § 1610.5. At issue here is Section 1610.5(b)(3), which implements specific requirements when a charging party makes a FOIA request for EEOC records related to a charge of discrimination. *See* 29 C.F.R. § 1610.5(b)(3). In those circumstances, Section 1610.5(b)(3) requires that the charging party submit either (1) a ripe notice of right to sue letter, or (2) a stamped copy of a filed employment discrimination court complaint. *See id*. In other words, a notice of right to sue authorizes suit within 90 days from receipt, *see* 29 C.F.R. § 1601.28(e)(1), and if that 90 day window has elapsed at the time a charging party submits a

FOIA request, the requestor cannot submit the notice of right to sue, and must instead submit a copy of a filed court complaint, *see* 29 C.F.R. § 1610.5(b)(3).

The EEOC submits that Monikang failed to comply with these procedures and has therefore not exhausted his remedies before bringing this lawsuit. *See* MTD at 3–8. It argues that, because Monikang's notice of right to sue expired on March 1, 2024, eight months before he filed his FOIA Request, he was required to submit a filed copy of a court complaint to perfect his FOIA Request, but never did so, despite receiving multiple notices of this requirement. Accordingly, his FOIA Request was unperfected, negating the EEOC's obligations under the FOIA, and rendering Monikang's administrative remedies unexhausted. *See id*.

An agency has no duty to process an unperfected FOIA request, i.e., a request that does not comply with agency procedures. *See Powell v. Dep't of Treasury*, No. 24-1893, 2026 WL 467772, at *4 (D.D.C. Feb. 19, 2026); *Middle East Forum v. Dep't of Treasury*, 317 F. Supp. 3d 257, 264 (D.D.C. 2018) (same); *see also Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (finding that an agency's FOIA "obligations commence upon receipt of a *valid* request") (emphasis in original). Monikang's FOIA Request is no exception; in failing to follow the EEOC's FOIA rules, he failed to trigger any agency obligation. *See Brown v. FBI*, 675 F. Supp. 2d 122, 126 (D.D.C. 2009) (finding that noncompliant FOIA request did not require the agency to respond because it was "never properly initiated, let alone exhausted," and that the plaintiff was "not entitled to maintain a civil action[.]"). In essence, Monikang has submitted no FOIA request at all, and for that reason, could not have plausibly exhausted his claim. *See id.*; *Kanam v. Office of Benton Peterson*, No. 18-3149, 2019 WL 5806906, at *2 (D.D.C. Nov. 7, 2019) (same), *aff'd*, No. 20-5001, 2020 WL 3406469, (D.C. Cir. June 2, 2020) (per curiam).

Monikang admits that he did not comply with Section 1610.5(b)(3) but proffers several arguments in support of waiver of his exhaustion requirements. He mainly argues that his duty to exhaust is now "moot." *See* Opp'n at 3–4, 8–9. In support, he highlights that, on December 14, 2025, more than a year after he submitted his FOIA Request to the EEOC, he filed an employment discrimination complaint in this court against his former employer, the Universal Service Administrative Company ("USAC"), and its administrator, the Federal Communications Commission ("FCC"), both subjects of his EEOC Charge. *See id.* at 4 (citing *Monikang v. Fed. Commc'ns Comm'n*, et al., No. 25-4362 (TSC) (D.D.C. filed Dec. 14, 2025) ("*Monikang II*")). Monikang argues that, because he has since filed a court complaint, his "requirement" under Section 1610.5(b)(3) "has been satisfied" nunc pro tunc, *see* Opp'n at 3–4, and he attaches a copy of his Complaint filed in *Monikang II* as an exhibit to his Opposition, *see* Opp'n Exhibit 1, ECF No. 10-1, with the purpose of now "tendering" "the documentation required," *see* Opp'n at 2, 4, 6. He argues that requiring him to resubmit to the EEOC "the perfected FOIA request with the filed complaint attached" would be contrary to judicial economy because "the EEOC would be obligated to process it, and the parties would return to this Court if the EEOC then withholds responsive records." *See id.*; *see also* Surreply at 4–5.

Contrary to Monikang's argument, the EEOC's FOIA requirements are not superfluous. FOIA exhaustion procedures "are not mere formalities to be routinely ignored" or "some unseemly morass of bureaucratic red tape." *Elec. Privacy Info. Cntr. v. Internal Revenue Serv.*, 261 F. Supp. 3d 1, 7 (D.D.C. 2017), *aff'd*, 910 F.3d 1232 (D.C. Cir. 2018). To the contrary, exhaustion represents "a core component of orderly procedure and good administration." *See id.* (quoting *Dettmann*, 802 F.2d at 1476 n.8; *U.S. v. Tucker Truck Lines*, 344 U.S. 33, 37 (1952)) (internal quotation marks omitted). These exhaustion requirements prevent premature judicial

review and provide an agency with an opportunity to, using its own experience and expertise, review and assess a FOIA request and any responsive materials and compile a record. *See Weinberger v. Salfi*, 422 U.S. 749, 765, (1975); *Khine v. Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 333 (D.D.C. 2018), *aff'd*, 943 F.3d 959 (D.C. Cir. Dec. 6, 2019).

For these reasons, courts "must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review[.]" *Nat'l Sec. Couns. v. CIA*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013); *see Goldstein v. Intern. Rev. Srv.*, 174 F. Supp. 3d 38, 57 (D.D.C. 2016) ("Because Plaintiff's claim was never properly before the agency, the court finds that the purposes of exhaustion would not be served by permitting judicial review."); *Flowers v. IRS*, 307 F. Supp. 2d 60, 69–70 (D.D.C. 2004) ("Given that the plaintiff failed to perfect her initial request and judicial review of the request clearly would prematurely interfere with the agency process, the court declines to review the initial request."); *see also Oglesby v. Dep't of Army*, 920 F.2d 57, 64–65 (D.C. Cir. 1990) (explaining that, for most FOIA claims, waiving exhaustion to would be inconsistent with the statutory scheme and undermine the administrative process).

Here, because it received an unperfected FOIA request, the EEOC has been unable to *process* Monikang's FOIA Request, let alone conduct a review or compile a record. *See Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1311–12 (D.C. Cir. 2003) (finding that the plaintiff had exhausted because the non-conforming FOIA request could not be considered "received"). While it might be personally easier for Monikang if the court, as requested, immediately ordered the EEOC to process his FOIA Request, "to proceed on a claim where the agency has not had the opportunity to act would not only undercut the exhaustion requirement but would also encourage circumvention of the administrative process simply by filing a lawsuit." *Antonelli v. Fed. Bureau*

*of Prisons*, 591 F. Supp. 2d 15, 25 (D.D.C. 2008). Although it is not his preference, disposition of this case does not preclude Monikang from resubmitting his FOIA Request to the EEOC with the required accompanying documentation, nor does the court find that such resubmission would be futile. *See Abuhouran v. State Dep't*, 843 F. Supp. 2d 73, 78 n.1 (D.D.C. 2012). In fact, it is possible that, upon resubmission, Monikang and the EEOC may resolve his FOIA Request without the time, expense, and stress of litigation. *See Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (explaining that, "since BOP has not yet processed plaintiff's request and, thus, has not improperly withheld responsive records, the Court has no role to play[,]" and that because the plaintiff, during litigation" indicated his willingness to" perfect his FOIA request, the agency could "process plaintiff's request in a timely manner without court supervision.").

Moreover, FOIA exhaustion is not a bespoke process per the given requester. Monikang asks that the court and the EEOC accept, by mere inference, that he has complied with his exhaustion requirements because he filed a complaint in *Monikang II*, particularly because the same Assistant United States Attorney ("AUSA") represents the government in both that case and this one. *See* Opp'n at 3–4, 6–8; Surreply at 3–4 (arguing that exhaustion is unnecessary "now that the filed complaint exists."). This is insufficient. *See Kanam*, 2019 WL 5806906, at *2 (dismissing FOIA claims as unexhausted where the plaintiff "simply mailed a request for records to a Department of Justice lawyer, who was responsible for drafting a motion to dismiss in a separate lawsuit brought by Plaintiff[,]" and attached and cited to that FOIA request to his pleadings, because he failed to submit his FOIA request pursuant to the agency's procedures). FOIA requesters are generally prohibited from curing, or attempting to cure, "threshold" exhaustion defects in the course of litigation. *See Legal Eagle, LLC v. Department of Justice*, No. 24-cv-3316, 2026 WL 35261, at *6 (D.D.C. Jan. 6, 2026); *see also, e.g.*, *Walsh v. Dep't of*

*Homeland Security*, No. 25-03610, 2026 WL 1893638, at *4 (D.D.C. July 1, 2026); *Cooper v. Dep't of Justice*, No. 99-2513, 2022 WL 602532, at *23 n.26 (D.D.C. Mar. 1, 2022). In other words, allowing Monikang to retrofit his FOIA Request while litigating this case would set a precedent suggesting that requesters can "leapfrog the detailed exhaustion requirements of the" FOIA and file in federal court if they disagree with the procedure or cannot meet the given requirements. *See Blazy v. Tenet*, 979 F. Supp. 10, 19 (D.D.C. 1997), *aff'd*, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998) (per curiam).

Despite clear notice and instruction from the EEOC, Monikang never corrected the noted defect during the administrative process or this litigation. In fact, to date, he has *still* not submitted a copy of the filed complaint to the EEOC, in accordance with agency delivery procedures, *see* 29 CFR § 1610.5(a)(1), (b)(1), or otherwise, despite having filed the *Monikang II* complaint over nine months ago. And, insofar as Monikang requests to amend his Complaint in this matter to include a copy of the *Monikang II* complaint, *see* Opp'n at 8–9, "[h]aving had ample opportunity to comply with the governing regulations and exhaust his administrative remedies, [his] failure to do so renders futile his motion to amend his [C]omplaint[,]" *see Sai v. Transport. Sec. Admin*., No. 14-0403, 2014 WL 12945228, at *4 (D.D.C. Aug. 1, 2014).

Courts in this jurisdiction have disallowed FOIA claims for failure to exhaust under similar circumstances. *See, e.g.*, *Powell*, 2026 WL 467772, at *5 (entering summary judgment for the defendant where plaintiff sought tax documents associated with his family's business entities but failed to submit, as requested and required by regulation, "a copy of Form 2848, Letters Testamentary, Will, or any other written statements authorizing him consent for the Estate or Corporation records.") (cleaned up); *Goldstein*, 174 F. Supp. 3d at 56 n.7, 56–57 (entering summary judgment for the defendant after it "repeatedly advised" the plaintiff of

defects in his FOIA request, yet he still failed to submit a required waiver form); *Kalu v. Internal Revenue Service*, 2015 WL 4077756, at *5–6 (D.D.C. July 1, 2015) (entering summary judgment for the defendant where the plaintiff failed to submit a confirming power of attorney form as required, despite notice and opportunity to correct the omission); *Sai*, 2014 WL 12945228, at *3 (dismissing where the plaintiff did not submit a identify verification form despite notice of the requirement, insisting that that "there was nothing to correct" and that his FOIA request was "already perfected") (cleaned up); *Abuhouran*, 843 F. Supp. 2d at 77 n.1 (dismissing and proposing resubmission to the agency, where despite multiple opportunities, the plaintiff failed to submit a sufficient third-party authorization); *Lardner v. FBI*, 852 F. Supp. 2d 127, 135 (D.D.C. 2012) (entering summary judgment for the defendant where, during litigation, the plaintiff listed field offices that he believed should have searched, but he did not include those field offices in his FOIA request as required); *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011) (dismissing where the plaintiff was notified that he failed to submit proper identification and then failed to correct this omission), *aff'd*, 468 Fed. Appx. 8 (D.C. Cir. 2012) (per curiam); *Flowers*, 307 F. Supp. 2d at 68–70 (entering summary judgment for the defendant where the plaintiff, who was seeking disclosure of her tax return to a third party, failed to submit a required separate written document with specific information, "[y]et, inexplicably, . . . chose not to take steps to correct these simple technical deficiencies. Instead, she waited several months and then proceeded directly to this court.").

Apparently anticipating this hurdle, Monikang argues that Section 1610.5(b)(3) is "an unconstitutional catch-22 that violates the spirit and purpose of [the] FOIA" by "systematically den[ying] FOIA access" to unrepresented charging parties who require their EEOC charge documentation "before committing to litigation." *See* Opp'n at 6. He also asserts that when he

submitted his FOIA Request, his life circumstances rendered him unable to comply with the filed-complaint requirement[,]" and that his omission "was not the product of choice." *See* Surreply at 4–5. Although he does not specify what constitutional amendment Section 1610.5(b)(3) allegedly violates, the court understands the root of his argument, and acknowledges the potential difficulty, especially when proceeding *pro se*, to have to file a civil complaint before requesting and receiving responsive charge file documents. That said, a charging party has the option of requesting documents for 90 days after receiving the notice of right to sue, and presumably already possesses at least some of the documents associated with his EEOC charge.

For purposes of the FOIA, "upfront procedures are permissible so long as they are 'reasonable.'" *Elec. Privacy.*, 261 F. Supp. 3d at 8 (quoting *Clemente v. FBI*, 867 F.3d 111, 118–19 (D.C. Cir. Aug. 11, 2017)). "It is not difficult to surmise, however, why the" EEOC requires charging parties to submit either a ripe notice of right to sue or a filed copy of a court complaint. *See id*. Before the EEOC searches for an individual's charge file, "it is crucial to know if the requestor maintains a genuine interest or is simply curious." *See id*. Requiring proof of a viable employment discrimination claim "as part of the initial request is the [EEOC's] way of separating chaff from wheat." *See id*. Section 1610.5(b)(3) ensures that the agency's expenditure of resources is saved for active legal claims, and it also shields third-party information, as well as propriety and confidential information, preventing those with expired legal claims from engaging in fishing expeditions.

Finally, Monikang makes various other arguments that are irrelevant to this matter. First, he argues that "equitable tolling preserves his right to his charge file regardless of the right-to-sue expiration" because, when the notice of right to sue was issued, he was unhoused and

therefore did not receive it. *See* Opp'n at 4–5; Surreply at 4–5. But this argument applies to the timeliness of his employment discrimination complaint filed in *Monikang II*, not his FOIA claims. The EEOC does not argue that his FOIA complaint (or his FOIA Request) was *untimely*—they argue that it is unripe. Nor does the EEOC assert that an untimely employment discrimination complaint prohibits a charging party from exercising his statutory right to file a FOIA request for his EEOC charge.

Second, Monikang challenges the FCC's response to a FOIA request that is the subject of a separate FOIA lawsuit currently before this court. *See Monikang v. FCC*, No. 25-03352 (TSC) (D.D.C. filed Sept. 19, 2025) ("*Monikang III*"). He argues that, in both *Monikang III* and this matter, the respective government agencies, represented by the same AUSA, are hiding behind "procedural mechanisms" to withhold responsive records to his FOIA requests. But the FCC's response to the FOIA request in *Monikang III* has no bearing on this matter. An agency's response is tailored to the particular FOIA request at issue, *see Campbell v. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998); *Hooker v. Dep't of Health & Human Servs.*, 887 F. Supp. 2d 40, 52 n.11 (D.D.C. 2012), *aff'd*, No. 13-5280, 2014 WL 3014213 (D.C. Cir. May 13, 2014) (per curiam), and different requests filed in different FOIA actions generally must be pursued separately, *see Nash v. Dep't. of Justice*, 992 F. Supp. 447, 449 (D.D.C. 1998), *aff'd*, No. 98-5096, 1998 WL 545424 (D.C. Cir. July 20, 1998) (per curiam); *see also Szymanski v. Drug Enforc. Admin.*, No. 93–1314, 1993 WL 433592, at *3 (D.D.C. Oct. 6, 1993) (explaining that a court cannot allow a FOIA complaint to "become the narrow edge of a wedge which forces open the court house door to unrelated claims against unrelated parties[,] and that a plaintiff is "entitled to make his case on those matters is a separate action."). This is particularly true in this case, where it is clear that the respective agencies are "applying *different* reasons to withhold

information related to *different* requests[,]" *Maryland v. Dep't of Vet. Affs.*, No. 14-1318, 2015 WL 13676389, at *2 (D.D.C. Feb. 5, 2015) (emphasis in original).

Moreover, the FOIA is comprised of procedural mechanisms, so encountering them during the administrative process or as a defense in litigation is quite common, and an agency's reliance on them does not, standing alone, imply bad faith. Nor is the fact that the government is represented by the same AUSA in Monikang's cases relevant. Indeed, the assigned AUSA in a civil case is almost never the individual responsible for reviewing, processing, responding to, or otherwise handling a FOIA request.

Finally, Monikang argues that the EEOC's reliance on Exemption 5 is improper because Exemption 5 is not a valid reason to refuse processing his FOIA Request. *See* Surreply at 1–2. But he misunderstands the EEOC's argument. The EEOC argues that, because Monikang never submitted a perfected FOIA request, it never had an opportunity to process or review his FOIA Request, including assessing the applicability of any potential exemptions, and it *anticipates* that, for example, Exemption 5 may apply to some of the responsive materials. *See* MTD at 7–8. The agency does not, at this time, actually *assert* Exemption 5, to deny processing Monikang's FOIA Request, or otherwise.

Accordingly, the court is not persuaded by Monikang's arguments opposing dismissal. It finds that waiving his requirement to submit a perfected FOIA Request would defy the FOIA's administrative scheme and the purposes of exhaustion. *See Wilbur*, 355 F.3d at 677.

**CONCLUSION**

For the reasons explained above, the court grants the EEOC's Motion to Dismiss and hereby dismisses this case without prejudice. Monikang's pending Motion to Consolidate, ECF

No. 9, this matter with *Monikang v. FCC*, No. 25-03352 (TSC), is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: September 18, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge